## A. W. FENTON CO. v. UNITED STATES

No. 5859.—Invoices dated Toronto, Canada, December 2, 1941, etc.
   Entered at Cleveland, Ohio, December 10, 1941, etc.
   Entry No. 329, etc.

(Decided April 28, 1943)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between the parties hereto that the merchandise and the issues in these cases are the same in all material respects as the merchandise and the issues involved in the cases of *United States* v. *John V. Carr & Son*, reappraisements 113023–A, etc., Reap. Circ. #4092, and *General Dry Batteries, Inc.* v. *United States*, reappraisement 121620–A, Reap. Circ. #4385, and that insofar as the Canadian sales tax is concerned, the conditions prevailing at time of exportation of the merchandise in the present cases were the same as when the merchandise involved in Reap. Circ. 4092 and Reap. Circ. 4385 was exported.

It is further stipulated and agreed that the records in said cases, Reap. Circ. 4092 and Reap. Circ. 4385 may be and hereby are incorporated as a part of the record in these cases.

The reappraisements above-named, 145531–A–1318, etc. are hereby submitted for decision upon this stipulation.

On the agreed facts I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930 as amended, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the amounts added by the importer on entry for the so-called Canadian sales tax.

Judgment will be rendered accordingly.